IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ryan Davenport,<br><br>   Petitioner,<br><br>v.<br><br>Warden Napier, *Edgefield FCI*,<br><br>   Respondent. | C/A No.: 8:25-cv-3839-SAL<br><br><br>**ORDER** |

  This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge William S. Brown, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the complaint be dismissed without prejudice and without requiring Respondent to file an answer or return for Petitioner's failure to exhaust administrative remedies. [ECF No. 12.] Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report. *Id.* at 13. Petitioner has not objected to the Report, and the time to do so has expired.

  Petitioner, a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), petitioned for a writ of habeas corpus by filing this action under 28 U.S.C. § 2241. [ECF No. 1.] The magistrate judge recommends that the action be dismissed because Petitioner is required to exhaust his administrative remedies under the BOP's scheme, which consists of several steps that Petitioner has not taken, before submitting a § 2241 petition. [ECF No. 12 at 7.] In his petition, Petitioner argued that exhaustion would be unnecessary since the DSCC rendered a decision on his sentence calculation, but this argument is without merit for the reasons explained in the Report. *Id.* at 11–12. Further, Petitioner has not demonstrated any cause or prejudice suggesting the exhaustion

1

requirement should be waived, nor has he persuaded the court that exhaustion would be futile. *See id.* at 10.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Finding no clear error in the Report, ECF No. 12, it is adopted and incorporated. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**

July 16, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge